**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DOMINIQ GREER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| | ) |
| CITY OF CHICAGO, a municipal corporation, | ) **Jury Demanded** |
| OFFICER LAWRENCE COSBAN, Star No. 4776, and | ) |
| OFFICER KEVIN SPISAK, Star No. 3119, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

NOW COMES the Plaintiff, Dominiq Greer, by his attorneys, The Law Offices of Eugene K. Hollander, and as his complaint against the Defendants, states the following:

Jurisdiction and Venue

1. This action seeks damages under federal law, Title 42 U.S.C. §1983, for Defendants' actions which violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. This action also seeks damages for claims arising under Illinois law.

2. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. Sections 1331 and 1343 and this Court's supplemental jurisdiction under Title 28 U.S.C. Section 1367. Venue in this District is predicated upon Title 28 U.S.C. Section 1391(b) as all events giving rise to the claims asserted herein took place within this Northern District of Illinois.

1

Parties

3. At all times material hereto OFFICER COSBAN, was a sworn law enforcement officer employed by the City of Chicago. At all times material hereto OFFICER COSBAN was acting under color of state law and within the scope of his employment with the City of Chicago.

4. At all times material hereto OFFICER SPISAK, was a sworn law enforcement officer employed by the City of Chicago. At all times material hereto OFFICER SPISAK was acting under color of state law and within the scope of his employment with the City of Chicago.

5. The defendant City of Chicago (hereinafter "CITY") is an Illinois municipal corporation and body politic located in Cook County, Illinois. At all relevant times hereto, the CITY was the employer of OFFICER COSBAN and OFFICER SPISAK, and other police officers involved in varying degrees in the events at issue.

6. At all times relevant on July 4, 2014, OFFICER COSBAN and OFFICER SPISAK were on patrol in the general area of 7400 S. Princeton, in the City of Chicago, Cook County, Illinois.

7. On July 4, 2014, OFFICER COSBAN and OFFICER SPISAK observed GREER, walking in in the general area of 7400 S. Princeton.

8. While GREER was walking at or near the area of 7400 S. Princeton, OFFICER COSBAN and OFFICER SPISAK pulled their marked vehicle near GREER. At said time, though GREER had not committed any crime, he was fearful of being arrested. GREER fled on foot and into an alley at or near 7437 S. Vincennes.

9. OFFICER COSBAN exited the vehicle, pursued GREER on foot into the alley, and shot GREER a total of seven (7) times with his service weapon. OFFICER COSBAN initially fired his service weapon five (5) times while GREER was sitting on the ground in the

alley.

10.   At no time prior to the time that OFFICER COSBAN fired his weapon did said Defendant see that GREER was carrying a weapon.

11.   At or before the time shots were fired at GREER, GREER did not pose a threat of harm to OFFICER COSBAN and/or OFFICER SPISAK, or any other individual(s) in the area of the shooting.

12.   GREER sustained multiple injuries and was admitted to the hospital in critical condition.

13.   By reason of the above-described acts and omissions of OFFICER COSBAN, and OFFICER SPISAK, plaintiff, DOMINIQ GREER, sustained economic injuries, physical injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

14.   That the Chicago Police Department maintains a Code of Silence regarding its police officers.  The agents of the police department "tend to ignore, deny or in some cases, cover-up the bad actions of a colleague or colleagues."

15.   The aforementioned acts of OFFICER COSBAN and OFFICER SPISAK were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages.

## COUNT I
## EXCESSIVE FORCE (Individual Defendants) - 42 U.S.C. § 1983

16.   Plaintiff re-alleges and incorporates paragraphs 1-15, above, as if fully restated herein as this paragraph 16.

17. At all times relevant hereto, GREER had the right to be free from injury from unreasonable, malicious, excessive force from state actors such as Defendants, as protected by the Fourth and Fourteenth Amendments to the Constitution of the United States.

18. As described above, OFFICER COSBAN violated the Plaintiff's right to be free from unreasonable, malicious, excessive force when he shot him causing multiple gunshot wounds which proximately caused his injuries.

19. As result of Defendant's concerted unjustified and excessive use of force, Plaintiff suffered injuries and pain, as well as severe emotional distress.

20. The misconduct described in this Count I was objectively unreasonable and was undertaken intentionally with willful deliberate indifference to Plaintiff's constitutional rights.

21. The misconduct described in this Count I was undertaken with malice, willfulness, and reckless indifference to the rights of others.

## COUNT II – FAILURE TO INTERVENE - 42 U.S.C. SEC. 1983

22. Plaintiff restates and incorporates by reference as if fully set forth herein paragraphs 1-21, above, as and for this paragraph 22.

23. As described more fully above, OFFICER SPISAK had a reasonable opportunity to prevent the violations of Plaintiff's constitutional rights.

24. As a result of OFFICER SPISAK's failure to intervene, Plaintiff suffered pain and injury and emotional distress.

25. The misconduct described in this Count II was objectively unreasonable and was undertaken intentionally with willful deliberate indifference to Plaintiff's constitutional rights.

26. The misconduct described in this Count II was undertaken with malice, willfulness, and reckless indifference to the rights of others.

## COUNT III – STATE LAW CLAIM – ASSAULT AND BATTERY

27. Plaintiff restates and incorporates by reference as if fully set forth herein paragraphs 1-26, above, as and for this paragraph 27.

28. As described more fully in the preceding paragraphs, Plaintiff was shot multiple times without justification or provocation.

29. The actions of the Defendant Officers, which occurred while acting under color of law and within the scope of their employment, constituted unjustified and offensive physical contacts, undertaken willfully and wantonly, proximately causing Plaintiff's bodily injuries.

30. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

31. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

32. As a result of the offensive touching, Plaintiff sustained bodily injuries. Additionally, Plaintiff was in reasonable apprehension that he was in considerable physical danger.

33. The misconduct described in this Count was undertaken by the Defendant Officers while acting within the scope of their employment such that their employer, City of Chicago, is liable for their actions.

34. Defendant City of Chicago is liable as principal for all torts committed by its agents.

## COUNT IV - STATE LAW CLAIM – RESPONDEAT SUPERIOR

35. Plaintiff restates and incorporates by reference as if fully set forth herein paragraphs 1-34, above, as and for this paragraph 35.

36. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were acting as members and agents of the City of Chicago acting at all relevant times within the scope of their employment.

37. Defendant City of Chicago is liable for all torts committed by its agents.

### COUNT V - STATE LAW CLAIM – INDEMNIFICATION

38. Plaintiff restates and incorporates by reference as if fully set forth herein paragraphs 1-37, above, as and for this paragraph 38.

39. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

40. The Defendant Officers are employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

**WHEREFORE**, plaintiff, DOMINIQ GREER, respectfully requests that judgment be entered in his favor in the sum of $5,000,000 as and for compensatory damages against all of the named defendants, $10,000,000 as and for punitive damages against the individual officer defendants, and that he be awarded his costs and a reasonable attorney's fee pursuant to the provisions of Title 42 U.S.C. § 1988, in addition to any other relief from this Court deemed just and proper.

/s/ Eugene K. Hollander
One of the attorneys for Plaintiff

Eugene K. Hollander
Paul W. Ryan
Jonathan L. Hoeven
**The Law Offices of Eugene K. Hollander**
230 W. Monroe, Suite 1900
Chicago, Illinois 60606
(312) 425-9100
ehollander@ekhlaw.com